UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
_____

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**AND TRAINING FUND, and**
**KENT MILLER (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

            Plaintiffs,

   v.                                                          Case No. 25-cv-293

**BMD CONCRETE INNOVATIONS LLC,**

            Defendant.
_____

## COMPLAINT
_____

**NOW COMES** the plaintiff, by its attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant BMD Concrete Innovations LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by the defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and defendant's continued refusal to submit

contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"). and the terms and provisions of the employee benefit plans, section 301 of the LMRA.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's principal office is located in Winnebago County, Wisconsin.

## **Parties**

3. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Funds. Said Funds maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action. Mr. Miller maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET") is an employee benefit plan governed by a Board of Trustees consisting of union and management appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing

wage laws. Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Defendant BMD Concrete Innovations LLC ("BMD") is a domestic limited liability corporation, engaged in business, with principal offices located at 6788 Forest Park Road, Winneconne, Wisconsin 54986. Its registered agent for service of process is Matthew Mayotte, located at the same address.

**Facts**

7. BMD is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

8. For all times relevant, BMD was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with Wisconsin Laborers District Council ("Union").

9. The Union represents, for purposes of collective bargaining, certain BMD employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

10. The Labor Agreements described herein contain provisions whereby BMD agreed to make timely payments to the plaintiff funds ("Funds") for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, BMD adopted the trust agreements and amendments thereof, which establish and govern the plaintiff funds and are necessary for their administration and designated as their representatives on the

Board of Trustees, such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of plaintiff funds, BMD has agreed as follows:

- a. to file monthly reports and make timely and prompt contributions to the plaintiff funds for each employee covered by the aforementioned Labor Agreements;
- b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;
- c. to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiff funds pursuant to the trust agreements;
- d. to adopt and abide by all of the actions of the trustees in administering the plaintiff funds in accordance with the trust agreements and the rules so adopted;
- e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;
- f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service

fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of BMD's contributions to the plaintiff funds.

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. BMD has failed to remit to the plaintiff funds all contributions required by the Labor Agreements.

16. Even when BMD has remitted contributions to the plaintiff funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policies on Employer Accounts that are binding upon BMD, it owes to the plaintiff funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

17. Despite demands that BMD perform its statutory and contractual obligations, the plaintiff funds have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. BMD is now indebted to the plaintiff funds as follows:

<u>Audit Period April 1, 2023 through November 30, 2023:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | $51,800.62 |
| Wisconsin Laborers Pension Fund | $38,004.23 |
| Wisconsin Laborers Apprenticeship and Training Fund | $1,424.45 |
| Laborers-Employers Cooperation and Education Trust Fund | $334.40 |

<u>Audit Period December 1, 2023 through June 30, 2024:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | $28,983.63 |
| Wisconsin Laborers Pension Fund | $26,461.61 |
| Wisconsin Laborers Apprenticeship and Training Fund | $1,073.57 |
| Laborers-Employers Cooperation and Education Trust Fund | $286.64 |

<u>Audit Period July 1, 2024 through December 31, 2024:</u>

| | |
|---|---|
| Wisconsin Laborers Health Fund | $53,393.62 |
| Wisconsin Laborers Pension Fund | $50,641.37 |
| Wisconsin Laborers Apprenticeship and Training Fund | $1,926.58 |
| Laborers-Employers Cooperation and Education Trust Fund | $461.54 |

Unaudited Period January 1, 2025 through the Present:

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Apprenticeship and Training Fund | Unknown |
| Laborers-Employers Cooperation and Education Trust Fund | Unknown |

## Claim One Against Defendant BMD Concrete Innovations LLC for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

18. As and for Plaintiffs' first claim for relief against Defendant, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19. For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund are hereinafter referred to as the "Funds."

20. Due demand has been made by the Funds upon Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21. Because, as the Funds are informed and believe, Defendant has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all the remedies provided by ERISA.

22. Because Defendant has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and

-7-

participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Funds and against BMD Concrete Innovations LLC:

    A. $253,709.68 for unpaid contributions, interest, and liquidated damages owed to the Funds for the audit period April 1, 2023, through December 31, 2024;

    B. For unpaid contributions, interest, and liquidated damages owed to the Funds for the period January 1, 2025, through the present;

    C. For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

### Claim Two Against BMD Concrete Innovations LLC for Violation of LMRA § 301 (29 U.S.C. § 185)

23. As and for a second claim for relief against Defendant, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

24. For purposes of this claim, Wisconsin Laborers-Employers Cooperation and Education Trust Fund is hereinafter referred to as the "Fund."

25. Due demand has been made upon Defendant for payment of all contributions and interest owed to the Fund, but Defendant has refused to pay the Fund, and amounts remain due and owing.

26. Because, as the Fund is informed and believes, Defendant has not paid timely and prompt contributions, the Fund's income is reduced and benefits provided to participants are affected. Consequently, LMRA has been violated, and the Development Fund is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, Wisconsin Laborers-Employers Cooperation and Education Trust Fund demands the following relief:

1. Judgment on behalf of the Funds and against BMD:

    A. $1,082.57 for unpaid contributions and interest owed to the Fund for the audit period April 1, 2023, through December 31, 2024;

    B. For unpaid contributions and interest owed to the Fund for the period January 1, 2025, through the present;

    C. For unpaid contributions and interest owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 27th day of February, 2025.

/s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
cja@previant.com

Attorneys for the Plaintiffs